IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARGARET CRAIG, as next of kin and personal representative of the estate of Angela Hulsey, <br><br> PLAINTIFF, <br><br> vs. <br><br> CHEATHAM COUNTY, TENNESSEE, BEN MOORE, KEITH RAKES, STEPHANIE GIZZI-BELL, MARK BRYANT, JESSICA PLANK, and JOHN DOES 1 and 2, <br><br> DEFENDANTS. | No. _____ <br> JURY DEMAND |

## COMPLAINT

Comes the Plaintiff, Margaret Craig, mother and next of kin and personal representative of the estate of Angela Hulsey, by and through her attorneys, and for her cause of action against the Defendants would respectfully show to the Court and Jury as follows:

### I. The Parties

1.1 The Plaintiff, Margaret Craig, is the mother, next of kin, and personal representative for the estate of Angela Hulsey, deceased, pursuant to Tennessee Code Annotated § 20-5-106(a) and 20-5-107(a).

1.2 The Defendant, Cheatham County, Tennessee, is a governmental entity located in Cheatham County, Tennessee, and at all times relevant to the Complaint was

responsible for establishing the policies and procedures of the Cheatham County Sheriff's Office as well as training of Deputy Sheriffs and Jailers.

1.3     The Defendant, Ben Moore, is, upon information and belief, a resident of Cheatham County, Tennessee, and at all times relevant to this Complaint was acting under color of state law as a Deputy Sheriff and/or Jailer for Cheatham County, Tennessee. Defendant Moore is being sued in his individual capacity for his failure to perform, neglect of, and deliberate indifference to his duties as a law enforcement officer with the Cheatham County Sheriff's Department.

1.4     The Defendant, Keith Rakes, is, upon information and belief, a resident of Cheatham County, Tennessee, and at all times relevant to this Complaint was acting under color of state law as a Deputy Sheriff and/or Jailer for Cheatham County, Tennessee. Defendant Rakes is being sued in his individual capacity for his failure to perform, neglect of, and deliberate indifference to his duties as a law enforcement officer with the Cheatham County Sheriff's Department.

1.5     The Defendant, Stephanie Gizzi-Bell, is, upon information and belief, a resident of Cheatham County, Tennessee, and at all times relevant to this Complaint was acting under color of state law as a Deputy Sheriff and/or Jailer for Cheatham County, Tennessee. Defendant Gizzi-Bell is being sued in her individual capacity for her failure to perform, neglect of, and deliberate indifference to her duties as a law enforcement officer with the Cheatham County Sheriff's Department.

1.6     The Defendant, Mark Bryant, is, upon information and belief, a resident of Cheatham County, Tennessee, and at all times relevant to this Complaint was acting under color of state law as a Deputy Sheriff and/or Jailer for Cheatham County, Tennessee.

Defendant Bryant is being sued in his individual capacity for his failure to perform, neglect of, and deliberate indifference to his duties as a law enforcement officer with the Cheatham County Sheriff's Department.

1.7     The Defendant, Jessica Plank, is, upon information and belief, a resident of Cheatham County, Tennessee, and at all times relevant to this Complaint was acting under color of state law as a nurse for Cheatham County, Tennessee.  Defendant Plank is being sued in her individual capacity for her failure to perform, neglect of, and deliberate indifference to her duties as an employee with the Cheatham County Sheriff's Department.

1.8     The Defendants, John Does 1 and 2, are, upon information and belief, law enforcement officers and/or employees of Defendant Cheatham County but are unknown at the present time.  Plaintiff has attempted to identify these individuals, but the information currently available to the Plaintiff is not sufficient to discover the identity of these individuals.  It is anticipated that these individuals will be identified during the discovery process in this case.

## II.  Jurisdiction

2.1     This Court has jurisdiction over the Federal claims asserted in this action pursuant to 28 U.S.C.A. § 1331 (Federal Question) and § 1343 (Civil Rights), as well as 42 U.S.C.A. § 1983.

## III.  Venue

3.1     Venue of this action is proper pursuant to 28 U.S.C.A. 1391(b) in that the events giving rise to the action occurred in the Middle District of Tennessee.

## IV. NATURE OF THE CASE

4.1     This action arises under the **Fourteenth** Amendments to the United States Constitution and under federal law, specifically, the Civil Rights Act of 1964 as (amended), 42 U.S.C.A § 1983 *et seq.* for violations of the Constitutional Rights of the decedent, Angela Hulsey.

## V. FACTS

5.1     On or about October 6, 2016, Ms. Hulsey was a pre-trial detainee in the custody of the Cheatham County Sheriff's Office.

5.2     Upon information and belief, Ms. Hulsey was arrested for a misdemeanor failure to appear warrant for a previously scheduled court appearance.

5.3     At the time of her arrest, Ms. Hulsey was noticeably ill having just been to the emergency room on October 3, 2016, where she was found to have a disease in her lungs, likely from pneumonia.

5.4     During the time of her detention, Ms. Hulsey was obviously ill with visible signs of her illness including having a light greyish color to her skin which gradually started to turn greenish and her feet and legs being very swollen.

5.5     During the time of her detention, Ms. Hulsey also exhibited obvious signs of illness including being very weak, being barely able to walk, having difficulty breathing, being in pain, losing control of her bowels, being unable to sleep, experiencing seizures, foaming at the mouth, bleeding from biting her tongue due to the seizures, drooling, being disoriented, and being unable to speak.

5.6     Despite Ms. Husley's obvious illness and the fact that her condition continued to worsen, she was not provided any medical care except for occasional checking of some vital signs and giving her Tylenol for pain.

5.7     On October 12, 2016, Ms. Husley became unresponsive and was taken by ambulance to Skyline Medical Center.

5.8     Ms. Hulsey was diagnosed with multiple ailments including: cardiac arrest; sepsis due to methicillin susceptible staphylococcus; severe sepsis with septic shock; pneumonia; acute and subacute infective endocarditis; urinary tract infection; and anoxic brain damage.

5.9     Ms. Hulsey's condition did not improve despite the treatment at Skyline Medical Center.

5.10    Ms. Hulsey was eventually transferred to Alive Hospice where she died on October 26, 2016.

5.11    Ms. Hulsey's death was caused by the failure of the Defendants to provide her with needed medical care during her detention at the Cheatham County Jail.

5.12    While Ms. Husley was in the custody of the Cheatham County Jail, her illness and need for medical condition as described above was obvious to any layperson who would have looked at her.

5.13    While Ms. Hulsey was in the custody of the Cheatham County Jail, she repeatedly requested medical help from the Defendants.

5.14    While Ms. Hulsey was in the custody of the Cheatham County Jail, other detainees also asked the Defendants to provide Ms. Husley with medical care.

5.15  While Ms. Hulsey was in the custody of the Cheatham County Jail, the Defendants were actually aware of her medical condition and that it was progressively worsening.

5.16  While Ms. Hulsey was in the custody of the Cheatham County Jail, the Defendants were aware that failing to provide medical care to Ms. Husley could result in her death or serious injury.

5.17  While Ms. Husley was in the custody of the Cheatham County Jail, the Defendants disregarded the risk of harm to Ms. Husley and failed to provide her with medical help until October 12, 2016, when it was too late to prevent her from going into septic shock, from suffering an anoxic brain injury, and ultimate death.

5.18  Had the Defendants provided medical care to Ms. Hulsey prior to October 12, 2016, her death likely would have been prevented.

5.19  While Ms. Hulsey was in the custody of the Cheatham County Jail, she specifically asked Defendant Keith Rakes for medical help.

5.20  In response to Ms. Hulsey's specific request for medical help, Defendant Keith Rakes ignored her obvious and immediate need for medical help and instructed Ms. Husley to take a shower to make her feel better.

5.21  While Ms. Hulsey was in the custody of the Cheatham County Jail, she reported to the Defendants that she was very ill, needed medical help, and felt like she was dying.

5.22  While Ms. Husley was in the custody of the Cheatham County Jail, she repeatedly lost control of her bowels, which happened in front of or was made known to the

Defendants who responded by merely instructing her to take a shower and change her clothes.

5.23  While in the custody of the Cheatham County Jail, Ms. Hulsey suffered a seizure directly in front of some of the Defendants, including Defendant Mark Bryant, who stated, "why you got your tongue hanging out?"

5.24  When Defendant Mark Bryant was informed that Ms. Husley had just suffered a seizure by another detainee, Defendant Mark Bryant threatened the other detainee with lockdown.

5.25  After observing Ms. Husley with blood coming from her mouth where she had bitten her tongue due to the seizure, Defendant Mark Bryant told Ms. Husley to "chill out" and claimed that he would contact the nurse. However, the nurse did not check on Ms. Husley after that incident until the next morning.

5.26  Defendant Jessica Plank observed Ms. Hulsey's medical condition during her detention at the Cheatham County Jail.

5.27  Defendant Jessica Plank referred Ms. Hulsey for "medical watch" on October 10, 2016, because of her poor health.

5.28  While in "medical watch," the Defendants predominantly noted only her general activity of either sitting, standing, walking, or laying without noting her actual medical condition.

5.29  While in the custody of the Cheatham County Jail, other detainees had to request sick calls for Ms. Hulsey multiple times because she was physically unable to put the requests in herself.

5.30 Defendant Jessica Plank was able to observe Ms. Hulsey's need for medical attention but was also told that Ms. Hulsey was very sick and needed immediate medical help by other detainees. However, no medical care was provided except for some Tylenol and taking of some vital signs until Ms. Hulsey's condition had deteriorated to the point that she had suffered an anoxic brain injury on October 12, 2016.

5.31 Despite the Defendants' knowledge of Ms. Hulsey's progressively deteriorating condition and immediate need for medical attention, the Defendants attempted to evade their responsibility to provide medical care by intentionally ignoring her obviously need for medical help and requests for medical care, failing to properly document her medical condition and need for medical help, and also sought to have her released on her own recognizance at the same time that she was dying from the Defendants' lack of care.

5.32 Pre-trial detainees, including Ms. Husley, have a right to receive medical care to prevent serious harm caused by the lack of such care.

5.33 Defendant Cheatham County was obligated to provide pre-trial detainees, including Ms. Hulsey, with medical care to prevent serious harm in situations where the lack of such care would result in death or serious injury.

5.34 Defendant Cheatham County was responsible for establishing policies and procedures for its employees, including the Defendants, to follow for providing medical care to detainees who needed such care to prevent serious injury or death.

5.35 Defendant Cheatham County was responsible for providing adequate training to jail employees, including the Defendants, to identify detainees who may have medical conditions which are serious or severe enough that immediate medical attention would be required to prevent harm to the detainee.

5.36  It is obvious that inadequate or the complete lack of policies and procedures for the providing of necessary medical care to detainees would lead to the deprivation of the right of detainees to medical care for serious medical conditions.

5.37  It is obvious that inadequate or the complete lack of training for employees to recognize serious medical necessities would lead to the deprivation of the right of detainees to medical care for serious medical conditions.

5.38  Defendant Cheatham County was aware of prior incidents where medical care had not been provided to other detainees at the jail and where detainees had been placed on "medical watch" without actually being provided any medical care which had resulted in serious harm or death to the detainee.

5.39  Defendant Cheatham County was actually aware that the Defendants were either wholly unaware of the necessity to identify detainees with serious medical needs or were unable to identify serious medical needs due to the complete lack or inadequacy of the training, supervision, policies, and procedures provided to the Defendants by Defendant Cheatham County.

5.40  Defendant Cheatham County's failure to properly train, discipline, and supervise the Defendants regarding providing necessary medical care to pre-trial detainees was deliberately indifferent to the rights of individuals in the custody of the Cheatham County Jail, including Ms. Hulsey.

5.41  Defendant Cheatham County's failure to properly train, discipline, and supervise the Defendants was the moving force behind the Defendants' deliberate indifference to Ms. Hulsey's serious medical needs.

5.42   Defendant Cheatham County's failure to provide proper policies and procedures to the Defendants related to the medical needs of detainees was the moving force behind the Defendants' deliberate indifference to Ms. Hulsey's serious medical needs.

5.43   The conduct of the Defendants in ignoring Ms. Hulsey's obvious need for medical help was outrageous, shocks the conscience, and is not tolerated in a civilized society. The conduct of the Defendants in ignoring Ms. Husley's obvious need for medical care was intentional, malicious, reckless, and demonstrates deliberate indifference to Ms. Hulsey's constitutional right to necessary medical care while a pre-trial detainee.

5.44   In doing the acts alleged in this complaint, the Defendants were acting under the color of the statutes, ordinances, regulations, customs, and usages of Defendant Cheatham County and the State of Tennessee and under the authority of their office as employees and/or law enforcement officers of Defendant Cheatham County.

5.45   In addition to causing her death, as a result of the Defendants' deliberate indifference to Ms. Hulsey's medical needs, she was forced to endure conscious pain and suffering in the final days of her life, both physical and emotional/mental, before her ultimate death.

### COUNT I
### (VIOLATION OF FOURTEENTH AMENDMENT - CIVIL RIGHTS)

6.1   The Defendants, under color of law, deprived Ms. Hulsey of rights secured by the Fourteenth Amendment to the United States Constitution, including her right to have her serious medical needs treated without deliberate indifference.

6.2     The Defendants, collectively and individually, were deliberately indifferent to Ms. Hulsey's medical needs as she was suffering from pneumonia and sepsis leading to septic shock and organ failure.

6.3     The Defendants, collectively and individually, had actual knowledge of Ms. Hulsey physical condition including abnormal skin coloring, swelling of limbs, being very weak, being barely able to walk, having difficulty breathing, being in pain, losing control of her bowels, being unable to sleep, experiencing seizures, foaming at the mouth, bleeding from biting her tongue due to the seizures, drooling, being disoriented, and being unable to speak.

6.4     The Defendants, collectively and individually, observed that her condition was progressively and increasingly worsening which would have indicated to any reasonable person that immediate medical attention was necessary.

6.5     The Defendants consciously disregarded the risk to Ms. Hulsey that as her condition worsened she was at risk of death or serious injury.

6.6     The Defendants' denial of any meaningful medical treatment constitutes deliberate indifference to a serious medical need.

6.7     Pursuant to statute, the Defendants are liable to Plaintiff for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, punitive damages, and reasonable attorney's fees and costs.

## COUNT II
### (MUNICIPAL LIABILITY - VIOLATION OF 42 U.S.C.A. § 1983)

7.1 The conduct of Defendant Cheatham County described above deprived the Ms. Hulsey of her right to necessary medical care as guaranteed under the Fourteenth Amendment to the United States Constitution.

7.2 As described above, Defendant Cheatham County was deliberately indifferent to Ms. Hulsey's serious medical needs by failing to provide its employees with adequate training, supervision, policies, and procedures that would have provided the medical care that Ms. Hulsey needed to avoid prolonged pain and suffering from illness as well as her ultimate death.

7.3 Pursuant to statute, Defendant Cheatham County is liable to Plaintiff for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, punitive damages, and reasonable attorney's fees and costs.

## DAMAGES

8.1 As a direct and proximate result of the improper conduct of the Defendants as described above, Angela Hulsey experienced extreme emotional and physical pain and suffering from the time she was detained until her death.

8.2 As a direct and proximate result of the improper conduct of the Defendants as described above, Angela Hulsey experienced extreme mental anguish from the time she was detained until her death.

8.3     As a direct and proximate result of the improper conduct of the Defendants as described above, Angela Hulsey's medical condition went untreated until it was too late which caused her death.

8.4     As a direct and proximate result of the improper conduct of the Defendants as described above, Mr. Hulsey's estate has incurred significant funeral expenses for Ms. Hulsey.

8.5     As a direct and proximate result of the improper conduct of the Defendants as described above, Angela Hulsey's family has suffered mental anguish and grief over the loss of Angela Hulsey.

8.6     As a direct and proximate result of the improper conduct of the Defendants as described above, Angela Hulsey's family has suffered the pecuniary loss of Angela Hulsey including a loss of consortium and is entitled to damages for the pecuniary value of the life of the deceased.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully demands judgment against Defendants, and each of them, jointly and severally as follows:

1.     That proper process issue and be served upon the Defendants, requiring them to answer this Complaint within the time required by law;

2.     That Plaintiff be awarded a judgment for compensatory damages in an amount to be determined by the trier of fact not to exceed the maximum amount allowed by law;

3.     That the Plaintiff be awarded a judgment for punitive damages in an amount that is necessary to punish the defendants and to deter others from committing similar wrongs in the future;

4. That the Plaintiff be awarded her costs, litigation costs, discretionary costs, pre- and post judgment interest, and attorney's fees pursuant to 42 U.S.C. §1988; and

5. That Plaintiff be granted such other, further, and general relief as to which she is entitled.

Respectfully Submitted,

MOSELEY & MOSELEY
Attorneys at Law

BY: /s/ James Bryan Moseley
      James Bryan Moseley   No. 021236
Attorneys for Plaintiff
237 Castlewood Drive, Suite D
Murfreesboro, Tennessee 37129
615/ 254-0140
Fax: 615/ 244-2270

/s/ Raymond T. Throckmorton, III
Raymond T. Throckmorton, III, No. 016313
2016 8th Ave. South
Nashville, TN 37203
615/ 297-1009
Fax: 615/ 297-9007

/s/ Terrance E. McNabb
Terrance E. McNabb,   No. 002592
1018 Industrial Road, Suite 104
Pleasant View, Tennessee 37146-7198
615/ 746-2121