UNITED STATES DISCTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARGARET CRAIG, as next friend of kin and personal representative of the estate of Angela Hulsey | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Docket No. 3:17-cv-01335 |
| CHEATHAM COUNTY, TENNESSEE, BEN MOORE, KEITH RAKES, STEPHANIE GIZZI-BELL, MARK BRYANT, JESSICA PLANK, and JOHN DOES 1 and 2, | ) ) ) ) ) ) | JURY DEMANDED |
| Defendants. | ) | |

## ANSWER

**COMES NOW** the Defendant, Jessica Plank, by and through counsel, and hereby respond to the Complaint as follows.

### FIRST DEFENSE

The Complaint fails to state a claim for relief under the facts and circumstances applicable herein and should be dismissed.

### SECOND DEFENSE

For answer to the separately numbered paragraphs to Plaintiff's Complaint, this Defendant, Jessica Plank ("the Defendant"), states as follows:

1

## I. The Parties[1]

1.1     This Defendant is without knowledge sufficient to admit or deny the averments in this paragraph and, therefore, leaves Plaintiff to her proof.

1.2     The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

1.3     The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

1.4     The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

1.5     The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

1.6     The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

1.7     This Defendant admits only that she is a LPN that worked at the Cheatham County Jail.  This Defendant denies the remaining averments of this paragraph of the Complaint.

1.8     The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

## II. Jurisdiction

2.1     Admit only that jurisdiction is proper before this Court.

## III. Venue

3.1     Admit only that venue is proper before this Court.

## IV. Nature of the Case

---

[1] The use of headings contained in Plaintiff's Complaint is for referenced only.  To the extent that such headings imply any assertion of fact or law, the Defendant denies same.

4.1     The Defendant admits only that Plaintiff purports to assert claims for violation of the Constitutional rights of Angela Hulsey.  The Defendant, however, denies that Plaintiff has asserted any claim against this Defendant for which relief can be granted; therefore, the Complaint should be dismissed as to this Defendant.

## V.  Facts

5.1     Upon information and belief, admitted.

5.2     This Defendant is without knowledge sufficient to admit or deny the averments in this paragraph and, therefore, leaves Plaintiff to her proof.

5.3     This Defendant is without knowledge sufficient to admit or deny the averments in this paragraph and, therefore, leaves Plaintiff to her proof.

5.4     Denied.

5.5     Denied.

5.6     Denied.

5.7     Admitted.

5.8     This Defendant is without knowledge sufficient to admit or deny the averments in this paragraph and, therefore, leaves Plaintiff to her proof.

5.9     This Defendant is without knowledge sufficient to admit or deny the averments in this paragraph and, therefore, leaves Plaintiff to her proof.

5.10    This Defendant is without knowledge sufficient to admit or deny the averments in this paragraph and, therefore, leaves Plaintiff to her proof.

5.11    Denied.

5.12    Denied.

5.13 To the extent that the averments of this paragraph of the Complaint are directed at parties other than this Defendant, no response from this Defendant is required. To the extent that the averments of this paragraph of the Complaint, the Defendant provided Angela Hulsey with proper medical care at all times relevant to this matter.

5.14 To the extent that the averments of this paragraph of the Complaint are directed at parties other than this Defendant, no response from this Defendant is required. To the extent that the averments of this paragraph of the Complaint, the Defendant provided Angela Hulsey with proper medical care at all times relevant to this matter.

5.15 Denied.

5.16 Denied.

5.17 Denied.

5.18 Denied.

5.19 The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

5.20 The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

5.21 It is admitted only that Angela Hulsey requested medical attention, which she received. This Defendant, however, denies that Angela Hulsey exhibited any signs of a serious medical need.

5.22 It is admitted only that Angela Hulsey had episodes of bowel control issues. This Defendant, however, denies that Angela Hulsey exhibited any signs of a serious medical need.

5.23 The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

5.24    The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

5.25    To the extent that the averments of this paragraph of the Complaint are directed at parties other than this Defendant, no response from this Defendant is required. To the extent that the averments of this paragraph of the Complaint, the Defendant provided Angela Hulsey with proper medical care at all times relevant to this matter.

5.26    It is admitted that this Defendant examined and provided Angela Hulsey with proper medical care at all times relevant to this matter.

5.27    It is admitted only that Angela Hulsey was placed in medical observation at times relevant to this matter.

5.28    It is admitted that Angela Hulsey was monitored while in medical observation at times relevant to this matter.

5.29    This Defendant is without knowledge sufficient to admit or deny the averments in this paragraph and, therefore, leaves Plaintiff to her proof.

5.30    Denied as written.

5.31    Denied.

5.32    To the extent that the averments of this paragraph of the Complaint state conclusions of law, no response from this Defendant is required. To the extent that the averments of this paragraph of the Complaint attempt to make averments of fact, it is denied. This Defendant is not liable to Plaintiff herein.

5.33    The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

5.34    The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

5.35    The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

5.36    To the extent that the averments of this paragraph of the Complaint state conclusions of law, no response from this Defendant is required.  To the extent that the averments of this paragraph of the Complaint attempt to make averments of fact, they are denied.

5.37    To the extent that the averments of this paragraph of the Complaint state conclusions of law, no response from this Defendant is required.  To the extent that the averments of this paragraph of the Complaint attempt to make averments of fact, they are denied.

5.38    The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

5.39    The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

5.40    The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

5.41    The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

5.42    The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

5.43    Denied.

5.44    To the extent that the averments of this paragraph of the Complaint state conclusions of law, no response from this Defendant is required.  To the extent that the averments of this paragraph of the Complaint attempt to make averments of fact, they are denied.

5.45    Denied.

## Count I

6.1    Denied.

6.2    Denied.

6.3    Denied.

6.4    Denied.

6.5    Denied.

6.6    Denied.

6.7    Denied and the Defendant asserts that Plaintiff has failed to state a claim for punitive damages in this matter. It is denied that this Defendant is liable herein for punitive damages or that punitive damages are applicable as to this Defendant based on the facts and circumstances involved.  Further, this Defendant requests bifurcation of claims for punitive relief from Plaintiff's other claims.

## Count II

7.1    The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

7.2    The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

7.3    The averments of this paragraph of the Complaint are directed to an entity other than this Defendant; therefore, no response is required.

Damages

8.1 Denied.

8.2 Denied.

8.3 Denied.

8.4 Denied.

8.5 Denied.

8.6 Denied.

**GENERAL DENIAL**

Any statement or allegation of the Plaintiff not otherwise admitted, denied, explained, or addressed above is hereby denied and this Defendant demand strict proof thereof.

**THIRD DEFENSE**

At all times relevant, this Defendant acted in good faith as a reasonable and prudent medical provider without any subjective denial of Plaintiff's Constitutional rights and privileges. The Defendant denies that she acted in any manner that could be described as deliberately indifferent to the rights of Angela Hulsey.

**FOURTH DEFENSE**

This Defendant denies that she violated any constitutional rights of Angela Hulsey, including the rights secured by the Fourteenth Amendment of the United States Constitution.

**FIFTH DEFENSE**

This Defendant relies upon any and all immunities, whether absolute and/or qualified and states that, at all times, she acted in good faith without a denial of the constitutional rights of Angela Hulsey.

## SIXTH DEFENSE

This Defendant exercised a degree of care that was reasonable, prudent, proper, and lawful at all times relevant hereto. This Defendant is not guilty of any act or omission as alleged in the Complaint. Moreover, Plaintiff and Angela Hulsey did not sustain any injury or damages because of any act or omission of this Defendant.

## SEVENTH DEFENSE

This Defendant affirmatively states that any damages allegedly suffered by Plaintiff were a result of Angela Hulsey's own negligence and actions; therefore, Plaintiff may not recover from this Defendant.

## EIGHTH DEFENSE

This Defendant denies that she breached any duty owed to Plaintiff.

## NINTH DEFENSE

This Defendant affirmatively avers that she acted at all times as a reasonable and prudent medical provider in the State of Tennessee and provided the reasonable and necessary medical care, under the applicable community standards, to Angela Hulsey.

## TENTH DEFENSE

This Defendant affirmatively avers that all medical care, attention, examinations, and recommendations rendered to or for Angela Hulsey were proper, usual, and customarily accepted medical treatments, examinations, and recommendations for the condition of Angela Hulsey then and there existing.

**ELEVENTH DEFENSE**

This Defendant affirmatively avers that she performed each and every act of medical attention, care, treatment, and examination in a careful and proper manner and in the customarily acceptable manner followed by medical professionals at all times relevant to this matter.

**TWELFTH DEFENSE**

This Defendant asserts the statute of limitations as a defense in the event that discovery in this cause of action yields any information that shows that Plaintiff's claims are barred.

**THIRTEENTH DEFENSE**

The Defendant asserts that the actions of the Plaintiff or some other third party were an intervening and superseding cause of any and all injuries or damages suffered by Plaintiff. Therefore, Plaintiff cannot recover from this Defendant.

**FOURTEENTH DEFENSE**

To the extent that Plaintiff failed to mitigate her damages, the Defendant pleads the same and asserts that Plaintiff cannot recover from the Defendant.

**FIFTEENTH DEFENSE**

There is no basis in law or fact for Plaintiff to seek or recover punitive damages against this Defendant and the allegations in the Complaint fail to properly make claim for an award of punitive damages.

**SIXTEENTH DEFENSE**

Any award of punitive damages under the facts and circumstances of this case would violate this Defendant's right to due process under the Fourteenth Amendment of the United States Constitution and Article I and the Constitution of the State of Tennessee; would violate the Defendant's right to substantive due process as provided in the Fifth and Fourteenth

Amendments of the United States Constitution; and would violate the prohibition of excessive fines under the Eighth Amendment of the United States Constitution and Article I, Section 16 of the Constitution of the State of Tennessee. Further, this Defendant demands that the trial be bifurcated relative to the claim for punitive damages.

## SEVENTEENTH DEFENSE

This Defendant incorporates by reference its averments set forth herein. While not an exhaustive or conclusive list, the averments and defenses set forth above by this Defendant are based on the information known at present and represent this Defendant's good faith effort to comply with Rule 8 of the Federal Rules of Civil Procedure. This Defendant reserves the right to supplement its averments herein after being afforded the opportunity to conduct additional investigation and discovery.

WHEREFORE PREMISES CONSIDERED, this Defendant would hereby move that the Complaint of Plaintiff be dismissed and that this Defendant be awarded reasonable and necessary attorney's fees pursuant to 42 U.S.C. §1988 and that the costs of this cause should be assessed against Plaintiff.

A jury is demanded to try the issues herein.

Respectfully submitted,

**SPICER RUDSTROM PLLC**

s/Brent S. Usery
Brent S. Usery, Esq. BPR# 25737
Bank of America Tower
414 Union Street, Suite 1700
Nashville, Tennessee 37219-1823
(615) 259-9080 telephone
(615) 259-1522 facsimile
(615) 425-7357 direct line
bsu@spicerfirm.com
*Attorney for Defendant Jessica Plank*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent by this Court's electronic filing system and via United States mail, postage prepaid, and properly addressed to:

| | |
|---|---|
| James Bryan Moseley<br>Moseley & Moseley<br>237 Castlewood Dr., Suite D<br>Murfreesboro, TN 37129<br>bryan.moseley@moseleylawfirm.com | Raymond T. Throckmorton<br>2016 8th Ave South<br>Nashville, TN 37203<br>rttiii@bellsouth.net |
| Terrance E. McNabb<br>1018 Industrial Road, Ste. 104<br>Pleasant View, TN 37146<br>t.mcnabb168@gmail.com | Kelly M. Telfeyan<br>Dickinson Wright<br>424 Church St.<br>Suite 800<br>Nashville TN 37219<br>KTelfeyan@dickinsonwright.com |
| Robyn Beale Williams<br>FARRAR & BATES, LLP<br>211 Seventh Avenue North, Suite 500<br>Nashville, TN 37219<br>robyn.williams@farrar-bates.com | |

this 27th day of January 2018.

s/Brent S. Usery
Brent S. Usery