# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEAST DIVISION

| | |
|---|---|
| **MARGARET CRAIG**, as next of kin and personal representative of the estate of Angela Hulsey, | ) ) ) ) |
| Plaintiff, | ) Docket No.: 3:17-cv-01335 ) |
| v. | ) **JUDGE CAMPBELL** ) **MAGISTRATE JUDGE HOLMES** |
| **CHEATHAM COUNTY, TENNESSEE, BEN MOORE, KEITH RAKES, STEPHANIE GIZZI-BELL, MARK BRYANT, JESSICA PLANK,** and **JOHN DOES 1 and 2,** | ) ) **JURY DEMAND** ) ) ) ) |
| Defendants. | ) |

## ANSWER TO COMPLAINT FILED ON BEHALF OF DEFENDANT MARK BRYANT

Defendant Mark Bryant, in his individual capacity, hereby responds to the complaint filed against him in the above-captioned cause of action as follows:

## I. THE PARTIES

1.1 This defendant currently lack sufficient information or knowledge to admit or deny the allegations contained within paragraph 1.1.

1.2 Paragraph 1.2 does not pertain to this defendant.

1.3 Paragraph 1.3 does not pertain to this defendant.

1.4 Paragraph 1.4 does not pertain to this defendant.

1.5 Paragraph 1.5 does not pertain to this defendant.

1.6 This defendant denies that he is a resident of Cheatham County but admits the remaining allegations contained in the first sentence of paragraph 1.6. However, the

remaining allegations contained within paragraph 1.6 do not contain a question of fact requiring a response from this defendant. This defendant denies liability as alleged.

1.7    Paragraph 1.7 does not pertain to this defendant.

1.8    This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 1.8.

## II.    JURISDICTION

2.1    This defendant admits the allegations contained within paragraph 2.1.

## III.    VENUE

3.1    Upon information and belief, this defendant admits the allegations contained within paragraph 3.1.

## IV.    NATURE OF THE CASE

4.1    Paragraph 4.1 contains no factual allegations requiring a response from this defendant.

## V.    FACTS

5.1    Upon information and belief, this defendant admits the allegations contained within paragraph 5.1.

5.2    This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 5.2.

5.3    This defendant lack sufficient information or knowledge to admit or deny the allegations contained within paragraph 5.3.

5.4    This defendant denies the allegations contained within paragraph 5.4.

5.5    This defendant admits that Ms. Hulsey exhibited signs of being weak, having difficulty walking, being in pain, taking deep breaths, and being somewhat disoriented during her detention. Upon information and belief, this defendant admits

that Ms. Hulsey lost control of her bowels during her detention. However, this defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained within paragraph 5.5.

5.6     This defendant denies the allegations contained within paragraph 5.6.

5.7     Upon information and belief, this defendant admits the allegations contained within paragraph 5.7.

5.8     This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 5.8.

5.9     This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 5.9.

5.10    This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 5.10.

5.11    This defendant denies the allegations contained within paragraph 5.11.

5.12    This defendant denies the allegations contained within paragraph 5.12.

5.13    This defendant admits that Ms. Hulsey indicated to him on one occasion that she was not feeling well. Upon information and belief, this defendant admits that Ms. Hulsey requested a pain reliever. This defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained within paragraph 5.13.

5.14    This defendant admits that on one occasion a detainee alerted him that Ms. Hulsey needed medical care in the same incident referenced in his answer to paragraph 5.13. This defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained within paragraph 5.14.

5.15    This defendant denies the allegations contained within paragraph 5.15.

5.16    This defendant denies the allegations contained within paragraph 5.16.

5.17   This defendant denies the allegations contained within paragraph 5.17.

5.18   This defendant denies the allegations contained within paragraph 5.18.

5.19   The defendant denies the allegations contained within paragraph 5.19.

5.20   The defendant denies the allegations contained within paragraph 5.20.

5.21   This defendant denies the allegations contained within paragraph 5.21.

5.22   Upon information and belief, this defendant admits that Ms. Hulsey had lost control of her bowels while in custody. However, this defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained within paragraph 5.22.

5.23   This defendant denies the allegations contained within paragraph 5.23.

5.24   This defendant denies the allegations contained within paragraph 5.24.

5.25   This defendant denies that he observed Ms. Hulsey with blood coming from her mouth.  Moreover, this defendant lacks sufficient information or knowledge to admit or deny whether Ms. Hulsey had a seizure or bit her tongue due to a seizure. However, this defendant admits that he told Ms. Hulsey to calm down or chill out and the remaining allegations within paragraph 5.25.

5.26   This defendant admits the allegations contained within paragraph 5.26.

5.27   This defendant admits the allegations contained within paragraph 5.27.

5.28   Upon information and belief, this defendant admits the allegations contained within paragraph 5.28.  However, to the extent that the plaintiff alleges that these defendants were qualified or were supposed to document medical conditions, the allegation is denied.

5.29    This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 5.29.

5.30    This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 5.30.

5.31    This defendant denies the allegations contained within paragraph 5.31.

5.32    Paragraph 5.32 contains a question of law, not fact, requiring no response from this defendant.

5.33    Paragraph 5.33 contains a question of law, not fact, requiring no response from this defendant.

5.34    Paragraph 5.34 contains a question of law, not fact, requiring no response from this defendant.

5.35    Paragraph 5.35 contains a question of law, not fact, requiring no response from this defendant.

5.36    This defendant denies the allegations contained within paragraph 5.36.

5.37    This defendant denies the allegations contained within paragraph 5.37.

5.38    Paragraph 5.38 does not pertain to this defendant.

5.39    Paragraph 5.39 does not pertain to this defendant.

5.40    Paragraph 5.40 does not pertain to this defendant.

5.41    Paragraph 5.41 does not pertain to this defendant.

5.42    Paragraph 5.42 does not pertain to this defendant.

5.43    This defendant denies the allegations contained within paragraph 5.43.

5.44    Paragraph 5.44 contains a question of law, not fact, requiring no response from this defendant.

5.45    This defendant denies the allegations contained within paragraph 5.45.

## COUNT I
## (VIOLATION OF FOURTEENTH AMENDMENT – CIVIL RIGHTS)

6.1 This defendant denies the allegations contained within paragraph 6.1.

6.2 This defendant denies the allegations contained within paragraph 6.2 as they pertain to this defendant.

6.3 This defendant denies having actual knowledge that Ms. Husley had abnormal skin coloring, swelling of limbs, being unable to sleep, experiencing seizures, foaming at the mouth, bleeding from biting her tongue due to seizures, drooling, or being unable to sleep. However, this defendant admits that Ms. Hulsey appeared weak at times requiring assistance walking, was breathing deeply and, upon information and belief, had lost control of her bowels. This defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 6.3.

6.4 This defendant denies the allegations contained within paragraph 6.4 as they pertain to this defendant.

6.5 This defendant denies the allegations contained within paragraph 6.5 as they pertain to this defendant.

6.6 This defendant denies the allegations contained within paragraph 6.6 as they pertain to this defendant.

6.7 This defendant denies the allegations contained within paragraph 6.7 as they pertain to this defendant.

## COUNT II
## (MUNICIPAL LIABILITY – VIOLATION OF 42 U.S.C.A. § 1983)

7.1 The allegations contained within paragraph 7.1 do not pertain to this defendant and no response is required therefrom.

7.2     The allegations contained within paragraph 7.2 do not pertain to this defendant and no response is required therefrom.

7.3     The allegations contained within paragraph 7.3 do not pertain to this defendant and no response is required therefrom.

## DAMAGES

8.1     This defendant denies the allegations contained within paragraph 8.1.

8.2     This defendant denies the allegations contained within paragraph 8.2.

8.3     This defendant denies the allegations contained within paragraph 8.3.

8.4     This defendant denies the allegations contained within paragraph 8.4.

8.5     This defendant denies the allegations contained within paragraph 8.5.

8.6     This defendant denies the allegations contained within paragraph 8.6.

## RELIEF REQUESTED

This defendant denies that the plaintiff is entitled to any of the relief requested within the prayer for relief.

## AFFIRMATIVE DEFENSES

1.     The complaint fails to state a claim against this defendant for which relief can be granted.

2.     This defendant avers that no action or inaction on his part was the proximate cause of the plaintiff's alleged damages.

3.     This defendant avers that he was not deliberately indifferent to the needs or rights of this inmates, nor any other.

4.     This defendant requests that he be awarded attorney's fees as well as costs and expenses pursuant to the provisions of 42 U.S.C. § 1988 and as otherwise provided by law.

5. To the extent that the evidence reveals the plaintiff failed to exhaust her administrative remedies, the plaintiff is barred from bringing this cause of action.

6. This defendant avers that he is entitled to qualified immunity for money damages.

7. This defendant avers that the plaintiff has failed to properly service him in his individual capacity and, therefore, he is not a proper party to this action.

8. This defendant avers that no action or inaction on his part was the proximate cause of the plaintiff's alleged damages.

9. This defendant specifically requests a jury of twelve (12) try those issues which are properly tried by a jury.

10. This defendant specifically reserves the right to amend this pleading and plead further based upon the facts that become available during the discovery process.

Having answered the complaint and asserted his affirmative defenses, this defendant prays that the complaint be dismissed with the costs taxed to the plaintiff.

Respectfully submitted,

/s/Robyn Beale Williams
Robyn Beale Williams, BPR #19736
Cassandra M. Crane, BPR #034889
**FARRAR & BATES, LLP**
211 Seventh Avenue North, Suite 500
Nashville, Tennessee 37219
(615) 254-3060
(615) 254-9835 Fax
robyn.williams@farrar-bates.com
cassandra.crane@farrar-bates.com
*Counsel for Defendants Mark Bryant,*
*Stephanie Gizzi-Bell, Ben Moore*
*and Keith Rakes*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of February 2018, a true and correct copy of the foregoing has been forwarded via the Court's electronic notice system to:

James Bryan Moseley
**MOSELEY & MOSELEY**
Attorneys at Law
237 Castlewood Drive, Suite D
Murfreesboro, Tennessee 37129
Phone: 615-254-0140
Fax: 615-244-2270
*Counsel for Plaintiff*

Raymond T. Throckmorton, III
2016 8th Ave. South
Nashville, TN 37203
Phone: 615-297-1009
Fax: 615-297-9007
*Counsel for Plaintiff*

Terrance E. McNabb
1018 Industrial Road, Suite 104
Pleasant View, TN 37146-7198
Phone: 615-746-2121
*Counsel for Plaintiff*

Brent S. Usery
**SPICER RUDSTROM, PLLC**
Bank of America Plaza
414 Union Street, Suite 1700
Nashville, Tennessee 37219
*Counsel for Defendant Jessica Plank*

Kelly M. Telfeyan
**DICKINSON WRIGHT PLLC**
424 Church Street, Suite 800
Nashville, TN 37219
*Counsel for Defendant Cheatham*
*County*

/s/ Robyn Beale Williams
Robyn Beale Williams