# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NORTHEAST DIVISION

| | |
|---|---|
| MARGARET CRAIG, as next of kin and personal representative of the estate of Angela Hulsey, | )<br>)<br>)<br>) |
| Plaintiff, | ) Docket No.: 3:17-cv-01335 |
| v. | ) JUDGE CAMPBELL<br>) MAGISTRATE JUDGE HOLMES |
| CHEATHAM COUNTY, TENNESSEE, BEN MOORE, KEITH RAKES, STEPHANIE GIZZI-BELL, MARK BRYANT, JESSICA PLANK, and JOHN DOES 1 and 2, | ) JURY DEMAND |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FILED ON BEHALF OF KEITH RAKES

Defendant Keith Rakes, in his individual capacity, hereby submits this memorandum in support of his motion for summary judgment.

### I. PROCEDURAL AND FACTUAL STATEMENT

On October 2, 2017, Plaintiff, as the representative of the estate of Angela Hulsey, filed suit pursuant to 42 U.S.C. § 1983 against Cheatham County, Tennessee, Ben Moore, Keith Rakes, Stephanie Gizzi-Bell, Mark Bryant, Jessica Plank, and John Does 1 and 2 and summons were issued for each defendant. (Doc. 1, Complaint; Doc. 2, Summons). Specifically, the plaintiffs' complaint alleges that the defendants violated Ms. Hulsey's Fourteenth Amendment rights.

On or about September 28, 2016, Defendant Rakes fractured his left hand requiring medical treatment. (Declaration of Keith Rakes, ¶ 4). At that time, he was

provided a note to be out of work until October 12, 2016.  (*Id.*, Collective Exhibit A, Work Notes).  Defendant Rakes then requested medical leave pursuant to the Family Medical Leave Act ("FMLA") which effectively began to run October 1, 2016.  (*Id.* at ¶ 5, Exhibit B, FMLA Request).  Defendant Rakes did not work from the date of his injury until his return to work on December 14, 2016.  (*Id.* at ¶ 8, Collective Exhibit C, Timesheets).

During Defendant Rakes medical leave from work, on or about October 6, 2016, Ms. Hulsey was a pre-trial detainee being held by the Cheatham County Sheriff's Office.  (Doc. 1, PageID# 4, Complaint, ¶ 5.1).  The plaintiff alleges that Ms. Hulsey was "noticeably ill" having just been to the emergency room on October 3, 2016, prior to her incarceration.  (*Id.* at ¶ 5.3).  The plaintiff further alleges that, "[d]espite Ms. Hulsey's obvious illness and the fact that her condition continued to worsen, she was not provided medical care except for occasional checking of some vital signs and giving her Tylenol for pain." (*Id.,* PageID# 5, Complaint, ¶ 5.6).  Moreover, the plaintiff specifically alleges that Ms. Hulsey "specifically asked Keith Rakes for medical help" and Defendant Rakes "ignored her obvious and immediate need for medical help…." (*Id.,* PageID# 6, Complaint, ¶¶ 5.19 and 5.20).  On October 12, 2016, Ms. Hulsey became unresponsive and was taken by ambulance to Skyline Medical Center.  (*Id.*, PageID# 5, Complaint, ¶ 5.7).  Ms. Hulsey passed away two weeks later, on October 26, 2016.  (Doc. 1, Complaint, ¶ 5.10).

On December 13, 2017, a summons was returned as executed, but was signed by County Attorney Michael Bligh.  (Doc. 12, Return Summons).  Attorney Bligh was not authorized to accept service on behalf of Defendant Rakes, who was no longer even

working for Cheatham County. (Declaration of Keith Rakes, ¶¶ 9-10). To date, Defendant Rakes has not been served with process in this case. *Id.*

## II. ARGUMENT

### A. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that upon the filing of a motion for summary judgment:

> (t)he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Federal Rule of Civil Procedure 56(c).

By the clear terms of Rule 56(c), a disputed fact must be "material" to preclude the granting of summary judgment. The Supreme Court has defined the concept of materiality: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citations omitted).

The movant must produce evidence showing that there are no genuine issues of material fact. *Celotex Corp. v Catrett*, 477 U.S. 317, 323 (1986). This burden may be met by showing "an absence of evidence to support the nonmoving party's case." *Id.* at 325. The party opposing a properly supported motion for summary judgment carries the burden to come forth with requisite proof to support its legal claim, particularly where the opposing party has had an opportunity to conduct discovery. *Id.* "The mere existence of a scintilla of evidence in support of the Plaintiffs' position will be

insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## B. Individual Liability Pursuant to 42 U.S.C. § 1983

The only claim Plaintiff makes against the defendants is for violation of civil rights under 42 U.S.C. § 1983 for being deliberately indifferent to medical needs. Initially, in order to prove a claim pursuant to 42 U.S.C. §1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) that the person causing such deprivation was acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1732, 56 L.Ed.2d 185 (1978). In this case, the plaintiff simply cannot establish that Defendant Rakes was actually a participant in the alleged deprivation of Ms. Hulsey's medical care, therefore, no constitutional violation can be shown to have occurred as a result of any action by Defendant Rakes.

### 1. Qualified Immunity

The defendant is entitled to qualified immunity from Plaintiff's claims. "(G)overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 901 (6th Cir. 2004), the court set forth a three-step analysis:

> First, we determine whether, based upon the applicable law, the facts viewed in the light most favorable to the Plaintiffs, show that a constitutional violation has occurred. Second, we consider whether the violation involved a clearly established constitutional right which a reasonable person would have known. Third, we determine whether the Plaintiff has offered sufficient evidence to indicate that what the official

> allegedly did was objectively unreasonable in light of the clearly established constitutional rights.

*Id.* at 901 (citing *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003)). Unless the answer to all three questions is yes, qualified immunity is proper. *Id.* Notably, once a defendant asserts qualified immunity, it becomes the plaintiff's burden to prove that the defendant is not entitled to the defense. *Myres v. Potter*, 422 F.3d 347, 352 (6th Cir. 2005). The burden of proving that a right was clearly established at the time of the complained of conduct also falls on the plaintiff. *Dominique v. Telb*, 831 F.2d 673, 676 (6th Cir. 1987).

In this case, the evidence is more than clear that the plaintiff cannot establish the first prong of qualified immunity that a constitutional violation occurred as a result of any action by Defendant Rakes. "The Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976) (internal quotations omitted). In order to show that a prison official acted with deliberate indifference, a plaintiff must show that the official intentionally denied or delayed access to medical care for a serious medical need. *Id.*

Given that Defendant Rakes was on medical leave during the relevant incarceration of Ms. Hulsey, the plaintiff cannot establish that he denied or delayed any treatment or medical care in this case. The evidence is clear that Defendant Rakes was injured prior to Ms. Hulsey's incarceration and did work from September 28, 2016 until December 14, 2016. Therefore, it is not possible that he participated in the deprivation

of any constitutional right to which the plaintiff claims Ms. Hulsey was entitled. As such, Defendant Rakes should be dismissed from the instant lawsuit.

### C. Lack of Service

The Federal Rules of Civil Procedure provide that a complaint may be dismissed for "insufficiency of service of process." Plaintiff failed to properly serve Defendant Rakes in accordance with the provisions of, and the time allowed under said Rules.

The procedural mandate of proper service of summons must be satisfied before the Court can exercise personal jurisdiction over defendants. *Omni Capital Int'l Ltd. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). The "requirement of proper service of process is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quotation and citation omitted). Moreover, the Sixth Circuit has clearly held "actual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

As of the filing of this motion, Plaintiff has still never served Defendant Rakes with service of process. Furthermore, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff must effect service within 90 days following the filing of the complaint. Plaintiff has failed to effect service against Defendant Rakes in his individual capacity, and therefore the claims against him must be dismissed as a matter of law.

### III. CONCLUSION

Based on the foregoing, this defendant respectfully requests that this Court grant summary judgment as to the claims raised against him.

{FB541790 / LGPC 5914}　　6
Case 3:17-cv-01335　　Document 29　　Filed 02/23/18　　Page 6 of 7 PageID #: 123

Respectfully submitted,

/s/Robyn Beale Williams
Robyn Beale Williams, BPR #19736
Cassandra M. Crane, BPR 034889
**FARRAR & BATES, LLP**
211 Seventh Avenue North, Suite 500
Nashville, Tennessee 37219
(615) 254-3060
(615) 254-9835 Fax
robyn.williams@farrar-bates.com
cassandra.crane@farrar-bates.com
*Counsel for Defendants Mark Bryant,*
*Stephanie Gizzi-Bell, Ben Moore, and*
*Keith Rakes*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of February 2018, a true and correct copy of the foregoing has been forwarded via the Court's electronic notice system to:

James Bryan Moseley
**MOSELEY & MOSELEY**
Attorneys at Law
237 Castlewood Drive, Suite D
Murfreesboro, Tennessee 37129
Phone: 615-254-0140
Fax: 615-244-2270
*Counsel for Plaintiff*

Raymond T. Throckmorton, III
2016 8th Ave. South
Nashville, TN 37203
Phone: 615-297-1009
Fax: 615-297-9007
*Counsel for Plaintiff*

Terrance E. McNabb
1018 Industrial Road, Suite 104
Pleasant View, TN 37146-7198
Phone: 615-746-2121
*Counsel for Plaintiff*

Brent S. Usery
**SPICER RUDSTROM, PLLC**
Bank of America Plaza
414 Union Street, Suite 1700
Nashville, Tennessee 37219
*Counsel for Defendant Jessica Plank*

Kelly M. Telfeyan
**DICKINSON WRIGHT PLLC**
424 Church Street, Suite 800
Nashville, TN 37219
*Counsel for Defendant Cheatham*
*County*

/s/ Robyn Beale Williams
Robyn Beale Williams