IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARGARET CRAIG, as next of kin and personal representative of the estate of Angela Hulsey, | ) ) ) ) | |
| PLAINTIFF, | ) ) ) | |
| vs. | ) ) | No. 3:17-cv-01335 |
| CHEATHAM COUNTY, TENNESSEE; BEN MOORE; MARK BRYANT; STEPHANIE GIZZI-BELL; JESSICA PLANK; and JOHN DOES 1 and 2, | ) ) ) ) ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE HOLMES JURY DEMAND |
| DEFENDANTS. | ) | |

**MEMORANDUM**
(IN SUPPORT OF MOTION TO AMEND COMPLAINT)

Comes the Plaintiff, pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 7.01, and respectfully submits the following memorandum in support of Plaintiff's Motion to Amend her Complaint.

**FACTUAL BACKGROUND**

This case involves the death of Plaintiff Margaret Craig's daughter, Angela Hulsey, while Ms. Hulsey was a pre-trial detainee in the custody of Defendant Cheatham County. On October 6, 2016, Ms. Hulsey was arrested on a misdemeanor failure to appear warrant for missing a court appearance. Ms. Hulsey remained in the care and custody of Defendant Cheatham County until October 12, 2016, when she was rushed by ambulance to the emergency room after becoming non-responsive.

During her detention at the jail, Ms. Hulsey was obviously ill and in need of medical care. Medical care was not provided, however, and her condition deteriorated over time. She was ultimately diagnosed with multiple ailments including sepsis and having suffered an anoxic brain injury. Ms. Hulsey died from her conditions on October 26, 2016.

After her death, Ms. Hulsey's family retained counsel to investigate the circumstances of her death and the extent of any potential claim. In furtherance of that investigation, on November 15, 2016, less than a month after Ms. Hulsey's death, Plaintiff's counsel, Mr. McNabb, sent a letter to Mike Breedlove, Sheriff of Cheatham County. The letter requested that various documents be preserved and requested jail records including a roster of jail personnel who would have been on duty during Ms. Hulsey's detention.

Sheriff Breedlove responded via e-mail to the request by promising to gather "all pertinent records, recordings, and videos along with the personnel roster from October 6-12, 2016 regarding Angela Hulsey." The response also indicated that once those documents had been collected, Mr. McNabb's office would be notified. After not receiving the promised records and several months prior to upcoming one-year anniversary of Ms. Hulsey's incarceration, Mr. McNabb renewed his request and was again promised that action would be taken.[1]

While some records and information were provided to Mr. McNabb, the records did not provide adequate information to identify all of the jail personnel who would have been responsible for providing for Ms. Hulsey's care and medical needs. Plaintiff's counsel was able to identify Defendants Plank, Moore, and Gizzi-Bell from the specific incident reports prepared concerning Ms. Hulsey needing an ambulance on October 12, 2016, but the

---

[1] A copy of the communication between Mr. McNabb and Sheriff Breedlove is attached hereto and incorporated herein by reference.

remaining records were not helpful in identifying specific jail personnel who would have been deliberately indifferent to Ms. Hulsey's medical needs.[2]

In addition to seeking information from Defendant Cheatham County, Plaintiff's counsel also interviewed other individuals who were detained or incarcerated in the jail at the same time as Ms. Hulsey. That effort lead to the identification of Defendant Bryant as having been deliberately indifferent to Ms. Hulsey's medical needs.[3] However, no additional identification could be made by these efforts.

On October 2, 2017, Ms. Craig filed the present lawsuit under § 1983 of the Civil Rights Act alleging that the Defendants were deliberately indifferent to the serious and obvious medical needs of her daughter (Document No.1). The filing of this Complaint was within one year of the earliest date any statute of limitations might have started to run.

After the filing of the suit, the case was transferred from Judge Trauger to Judge Campbell (Document No. 18) and then assigned for a case management conference on March 20, 2018. (Document No. 23). Plaintiff's counsel served written discovery on all of the named Defendants on March 14, 2018, as the automatic stay of discovery had been lifted by the order setting the initial case management conference. At the initial case management conference, a deadline for seeking leave to amend pleadings was set for August 15, 2018. (Document No. 45).

---

[2] A copy of the records which contained possible identification information provided to Mr. McNabb by the jail are attached hereto and incorporated herein by reference.

[3] That effort also lead to the mistaken identification of former Defendant Rakes. As discussed in previous pleadings, Plaintiff's counsel was provided the wrong name for one of the deputies overseeing Ms. Hulsey. The witness had provided the name of Keith "Rakes" because she knew that the person she saw act with deliberate indifference to Ms. Hulsey was named Keith and had assumed his last name was "Rakes." See Document Nos. 28, 36, and 42. One of the defendants to be added is the correct person with the name Keith, Keith "Pfeiffer."

On April 10, 2018, Plaintiff's counsel received initial disclosures from Defendant Cheatham County. These disclosures provided the names of the personnel who might have had some involvement with Ms. Hulsey's detention in the jail.

The disclosure was also accompanied by numerous documents which had not previously been provided to Plaintiff's counsel including some of Ms. Hulsey's jail records and some of the jail's logs. However, the documents did not include any videos of the jail nor any of the medical requests made by Ms. Hulsey during the period of her detention from October 6, 2016, through October 12, 2016.

While Plaintiff's counsel also receive initial disclosures from the remaining defendants, these did not provide any additional significant identification beyond what had been disclosed by Defendant Cheatham County. Plaintiff's counsel has also received responses to the written discovery requests from the individuals Defendants. However, the identification of individuals in these responses principally refers back to Defendant Cheatham County's initial disclosures.

At the present time, Plaintiff's counsel has not received responses to written discovery from Defendant Cheatham County. Counsel for Defendant Cheatham County has indicated that responses are forthcoming.[4]

Based on the information that has been provided so far, Plaintiff's counsel has been able to identify twelve (12) additional defendants who are likely to have had enough interaction with Ms. Hulsey while at the jail to have resulted in their being deliberately

---

[4] Should Plaintiff need the Court's assistance in obtaining responses, then Plaintiff will comply with the procedures for involving the Court in a discovery dispute.

indifferent to her medical needs.[5] Plaintiff's counsel has painstakingly scoured the handwritten logs provided by Defendant Cheatham County and compared that with other information that has been provided to Plaintiff's counsel.

While other individuals may also have been deliberately indifferent, Plaintiff's counsel is only including the individuals who can be shown to be deliberately indifferent based on the facts currently discovered. Plaintiff's counsel has made every effort not to needlessly increase the number of defendants in this case.[6]

**LAW AND ARGUMENT**

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. The rule states in part, "The court should freely give leave when justice so requires." This phrase has been interpreted by the Sixth Circuit to mean that cases should be tried on their merits. *Inge v. Rock Financial Corp.*, 388 F.3d 930, 937 (6th Cir. 2004). See also *Greenburg v. Life Ins. Co. of VA.*, 177 F.3d 507, 522 (6th Cir. 1999) and *Howard v. Kerr Glass Mfg. Co.*, 699 F.2d 330, 333 (6th Cir. 1983) (Amendments to pleadings are to be viewed with liberality by the courts, particularly when there is no surprise to the adverse party).

---

[5] It is certainly possible additional facts will be discovered that will demonstrate that some of these individuals will not have been deliberately indifferent to Ms. Hulsey's medical needs. However, based on the limited records and information currently made available to Plaintiff, all of these individuals would have been in a position to see Ms. Hulsey obvious need for medical attention and no significant medical help was provided until it was already too late to prevent Ms. Hulsey's death.

[6] For instance, names of other individuals employed at the jail were provided to Plaintiff's counsel. However, Plaintiff's counsel could not locate a factual basis to believe that those other individuals were deliberately indifferent to Ms. Hulsey's medical needs. The lack of a factual basis, though, may be due to poor record keeping, and additional information may be learned during depositions.

"In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." ***Brumbalough v. Camelot Care Centers, Inc.***, 427 F.3d 996, 1001 (6th Cir. 2005). An amendment is futile when the proposed amendment cannot survive a motion to dismiss. ***Miller v. Calhoun County***, 408 F.3d 803, 817 (6th Cir. 2005).

In the present case, there has not been any undue delay, lack of notice, bad faith, other failures to cure deficiencies, or undue prejudice to the other parties. It is anticipated, though, that the Defendants may object to the proposed amendment on the grounds of futility by claiming that the claims against the new Defendants are being brought more than one year after the actions taken at the jail that resulted in Ms. Hulsey's death. Therefore, Plaintiff will address this issue in more detail.[7]

The applicable statute of limitation in a § 1983 action is the statute of limitations of the state related to personal injury actions. ***Johnson v. Memphis Light, Gas & Water Div.***, 777 F.3d 838, 843 (6th Cir. 2015) and ***Eidson V. State of Tenn. Dept. Of Children's Services***, 510 F.3d 631, 634 (6th Cir. 2007). Pursuant to Tenn. Code Ann. § 28-3-104(a), the limitations period for personal injury actions in Tennessee is in one year from the date of the accrual of the cause of action.

Although the limitations period is borrowed from state law, the determination of when a claim accrues and, therefore, when the limitations period begins to run is a question of Federal law. ***Johnson*** at 843 and ***Eidson*** at 635. Under Federal law a § 1983

---

[7] It does not appear that the relation back of amendments under Rule 15(c) would be applicable in this case. See ***In re Kent Holland Die Casting & Plating, Inc.***, 928 F.2d 1448, 1449 (6th Cir. 1991). Therefore, this issue falls only under a statute of limitations analysis.

claim accrues when the Plaintiff knows about or has reason to know about the injury giving rise to the claim. ***Johnson*** at 843.[8]

In contrast, Tennessee has adopted the "discovery rule" which provides for an accrual date that is based upon notice of both an injury <u>and</u> the wrongdoer causing the injury. Likewise, instead of having adopted an equitable tolling doctrine, Tennessee instead follows the doctrines of equitable estoppel and fraudulent concealment to toll a statute of limitations. ***Redwing v. Catholic Bishop for Memphis***, 363 S.W.3d 436, 458 - 463 (Tenn. 2012).[9]

Under Tennessee's fraudulent concealment doctrine, a statute of limitations is tolled where it can be shown:

> (1) that the defendant affirmatively concealed . . . the identity of the wrongdoer or failed to disclose material facts regarding the wrongdoer . . . despite a duty to do so; (2) that the plaintiff could not have discovered . . . the identity of the wrongdoer despite reasonable care and diligence; (3) that the defendant knew that the plaintiff had been injured and the identify of the wrongdoer; and (4) that the defendant concealed material information from the plaintiff by withholding the information . . . . ***Id***. at 462 - 463. (internal quotation marks removed).

However, if a state's limitations period is inconsistent with Federal law and policy, then that period is no longer applicable to the § 1983 claim to the extent of the inconsistency. ***Harris v. US***, 422 F.3d 322, 331 (6th Cir. 2005). Federal law follows the equitable tolling doctrine. This doctrine applies "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." ***Zappone v. US***, 870 F.3d 551, 556 (6th Cir. 2017)(quoting ***Jackson v. United***

---

[8] In this case, the earliest date that could have been was October 6, 2016, the date that Ms. Hulsey was first placed into the care and custody of Defendant Cheatham County's jail.

[9] The doctrine of equitable estoppel would not be applicable in this case.

***States***, 751 F.3d 712, 718 (6th Cir. 2014).

In the present case, Plaintiff and Plaintiff's counsel diligently made efforts to discover the identity of the jail employees that are now being sought to be added to the lawsuit. Less than a month after Ms. Hulsey's death, Plaintiff's counsel sent a formal written request to Defendant Cheatham County specifically seeking the names of jail personnel who were on duty during Ms. Hulsey's detention.

Despite being assured that this information would be provided, Plaintiff's counsel had to again make the request to obtain the information. When some information was finally provided, the documents produced were wholly inadequate to determine all of the identities of jail personnel responsible for Ms. Hulsey's care. Those who could be identified were included in the Plaintiff's initial Complaint.

Plaintiff also undertook other means to discover the identity of those involved in failing to provide for Ms. Hulsey's medical care. Other detainees and inmates who were in custody at the jail at the same time as Ms. Hulsey and were able to observe how she was neglected by jail staff were tracked down and interviewed. This lead to the addition of one other Defendant but also the mistaken addition of another individual who was not actually present at the jail when Ms. Hulsey was being detained.

Plaintiff had no other reasonable means to identify these other Defendants until the present lawsuit was filed and could seek formal discovery from Defendant Cheatham County. Therefore, under either Tennessee or Federal tolling doctrines, the statute of limitations would have been tolled until the identities of these new Defendants were disclosed by Defendant Cheatham County, which did not occur until April 10, 2018.[10]

---

[10] Even then, to discern who of the many jail employees would actually have been responsible for providing any care to Ms. Hulsey required comparing various documents and trying

## CONCLUSION

For all of the foregoing reasons, the Plaintiff respectfully requests permission to amend her Complaint to add the additional Defendants, correct the previously mistaken identity of one of the Defendants, correct some minor typos, and add the factual allegations supporting the equitable tolling and fraudulent concealment doctrines regarding these additional Defendants. The deadline for seeking leave for amendments has not passed and any applicable statute of limitations would have been tolled until Plaintiff was provided with the identification of these additional Defendants.

Respectfully submitted,

MOSELEY & MOSELEY
ATTORNEYS AT LAW

BY: /s/ James Bryan Moseley
     James Bryan Moseley, No. 021236
Attorneys for Plaintiff

237 Castlewood Drive, Suite D
Murfreesboro, Tennessee 37129
615/ 254-0140
Fax: 615/ 244-2270

---

to interpret handwritten notes and somewhat illegible initials.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of July, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties, if any, will be served separately. Parties may access this filing through the Court's electronic filing system.

Kelly M. Telfeyan, Esq.
424 Church St., Suite 800
Nashville, Tennessee 37219
Attorney for Defendant Cheatham County

Robyn Williams, Esq.
211 Seventh Ave. N, Suite 500
Nashville, Tennessee 37219
Attorney for Individual County Defendants

Brent S. Usery, Esq.
*SPICER RUDSTROM, PLLC*
414 Union Street, Suite 1700
Nashville, Tennessee 37219
Attorney for Defendant Plank

      /s/ James Bryan Moseley
      James Bryan Moseley

Copy to:    Raymond T. Throckmorton, III, Esq.
               Terrance E. McNabb, Esq.